IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VASHON TRYONE JACKSON,

        Petitioner,               No. CIV S-00-0274 LKK EFB P

    vs.

CALIFORNIA DEPARTMENT OF
MENTAL HEALTH,

        Respondent.             FINDINGS AND RECOMMENDATIONS

/

Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He filed his petition on February 9, 2000, claiming that his detention pursuant to California's Sexually Violent Predator Act was unconstitutional because the state lacked jurisdiction to order him confined. On September 16, 2003, the district court found that whether the state court lacked jurisdiction under state law is not a federal question cognizable on a habeas petition and denied relief. Petitioner appealed and the Ninth Circuit held that petitioner lacked standing at the time he filed his petition, vacated this court's order and remanded the case with "instructions that the petition be dismissed." *Jackson v. California Dept. of Mental Health*, 399 F.3d 1069, 1075-76 (9th Cir. 2005).

////

////

1    It is unclear why, but despite the clear instruction by the court of appeals to dismiss the
2 petition, on July 13, 2005, a different magistrate judge[1] found that "the appellate court remanded
3 this case for the parties to address in this court the question whether petitioner has standing to
4 challenge California's jurisdiction to confine him pursuant to the Sexually Violent Predator
5 Act," and issued a briefing schedule. That order is hereby vacated.

6    With all due respect to the parties and their counsel and their efforts following remand,
7 this court is bound by the Ninth Circuit's order vacating the judgment of the district court and
8 remanding with clear instructions to dismiss. The Ninth Circuit found that the petitioner, whose
9 term of confinement had expired prior to the filing of his petition, lacked article III standing.
10 *Jackson v. California Dept. of Mental Health, et al,* 399 F.3d 1069, 1072-73 (9th Cir. 2005).
11 Concluding that "the district court lacked jurisdiction to consider his habeas petition" the count
12 of appeals explicitly ordered that "[t]he judgment of the district court is vacated, and the case is
13 remanded with instructions that the petition be dismissed." *Id.* at 1075-76. Nothing in that order
14 authorized this court to consider the matter anew. This action must be dismissed for lack of
15 standing.

16    Accordingly, it is hereby RECOMMENDED that this action be dismissed

17    These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
22 ////
23 ////
24 ////
25
26    [1] On August 29, 2006, this case was referred to the undersigned.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE