```
DANIEL J. BRODERICK Bar #89424
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Petitioner
VASHON TYRONE JACKSON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASHON TYRONE JACKSON,<br><br>   Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>   Respondents.<br>_____ | NO. Civ. S-00-274 LKK PAN<br><br>**NOTICE OF APPEAL; APPLICATION FOR CERTIFICATE OF APPEALABILITY; CERTIFICATE OF APPEALABILITY** |

   NOTICE is hereby given that petitioner, VASHON TYRONE JACKSON, appeals to the United States Court of Appeals for the Ninth Circuit from the order and the judgment of the district court entered on April 8, 2008.

   Mr. Jackson also requests this court issue the certificate of appealability lodged herewith. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000) (AEDPA provisions for certificate of appealability apply to habeas appeals initiated after effective date of statute).

/ / /

**STANDARDS FOR CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability, a habeas corpus petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "need not show that he should prevail on the merits." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A claim warrants issuance of a certificate if it presents a "question of some substance," *i.e.*, an issue (1) that is "'debatable among jurists of reason'"; (2) "'that a court could resolve in a different manner'"; (3) that is "'adequate to deserve encouragement to proceed further'"; or (4) that is not "squarely foreclosed by statute, rule, or authoritative court decision, or . . . [that is not] lacking any factual basis in the record." *Id.*, at 893 n.4, 894.[1] As the Supreme Court clarified:

> At the COA stage . . ., a court need not make a definitive inquiry into [the merits of the habeas petition]. As we have said, a COA determination is a separate proceeding, one distinct from the underlying merits. The Court of Appeals should have inquired whether a "substantial showing of the denial of a constitutional right" had been proved. Deciding the substance of an appeal in what should only be a threshold inquiry undermines the concept of a COA. The question is the debatability of the underlying constitutional claim, not the resolution of that debate.

*Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003) (citations omitted).

**ISSUE TO BE RAISED ON APPEAL**

Whether the judgment under which Mr. Jackson is in custody was rendered by a court without jurisdiction in violation of his federal constitutional right to due process of law.

---

[1] *Barefoot* involved the showing required, under pre-AEDPA law, for issuance of a certificate of probable cause. The same standard applies under § 2253(c). Slack, 529 U.S. at 484-85.

**ARGUMENT**

Mr. Jackson's habeas petition presents a compelling issue of whether a man may be deprived of his liberty by a court without jurisdiction consonant with the Fourteenth Amendment's guarantee of due process of law. For the reasons set forth in great detail in the petition, the supplemental memorandum of points and authorities in support of the petition, the traverse, and the objections to the magistrate judge's recommendations, we submit reasonable jurists can differ as to whether Mr. Jackson is entitled to habeas relief.

**CONCLUSION**

For the reasons set forth above and in the petition, the supplemental memorandum of points and authorities in support of the petition, the traverse, and petitioner's objections to findings and recommendations, and based on the authorities cited therein and the record of proceedings in state court, the issue presented for appeal is debatable among jurists of reason, and could be resolved differently. Mr. Jackson's claim deserve to proceed further. We respectfully request the court issue the Certificate Of Appealability lodged herewith.[2]

Dated: May 8, 2008

                              Respectfully submitted,

                              DANIEL J. BRODERICK
                              Federal Defender

                                /s/ *David Porter*
                              DAVID M. PORTER
                              Assistant Federal Defender

                              Attorney for Petitioner
                              VASHON TYRONE JACKSON

---

[2] Significantly, this Court already issued an identical certificate of appealability prior to the first appeal in this case. *See* CR #54.

```
 1  DANIEL J. BRODERICK Bar #89424
    Federal Defender
 2  DAVID M. PORTER, Bar #127024
    Assistant Federal Defender
 3  801 I Street, 3rd Floor
    Sacramento, California 95814
 4  Telephone: (916) 498-5700

 5  Attorney for Petitioner
    VASHON TYRONE JACKSON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASHON TYRONE JACKSON,<br><br>        Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>        Respondents. | NO. Civ. S-00-274 LKK PAN<br><br>**CERTIFICATE OF APPEALABILITY** |

Under authority of Title 28, United States Code section 2253(c), and Federal Rule of Appellate Procedure 22(b)(1), the Court hereby certifies that there is cause for an appeal in the above-entitled case. Accordingly, a certificate of appealability is hereby granted as to the following issue:

> Whether the judgment under which Mr. Jackson is in custody was rendered by a court without jurisdiction in violation of his federal constitutional right to due process of law.

IT IS SO ORDERED.

DATED: May 12, 2008

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT